QUINN v. COHEN et al.

(Supreme Court, Appellate Term.   December 8, 1910.)

LANDLORD AND TENANT (§ 233*)—PREMISES—REPAIRS—INJURY BY FIRE—REA-
SONABLE TIME—JURY QUESTION.

Whether or not a landlord has repaired premises injured by fire within
a reasonable time so as to hold tenants under covenant to repair in the
lease *held*, under the evidence, to be a question for the jury.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. §
233.*]

Appeal from City Court of New York, Special Term.

Action by Joseph Quinn against Abraham Cohen and William
Trayna.   From a judgment for defendants, plaintiff appeals.   Re-
versed and remanded.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Edward W. Murphy (Abraham P. Wilkes, of counsel), for appel-
lant.

Samson Friedlander (George Edwin Joseph and Henry S. J. Flynn,
of counsel), for respondents.

GUY, J.   Plaintiff appeals herein from a judgment dismissing the
complaint.   The action was brought on a written lease entered into
between plaintiff and defendants for a period of one year and three
months, commencing November 1, 1907, which lease provided:

"If the demised premises shall be damaged by fire they shall be repaired
*as speedily as possible* by the said lessor.   If the damage shall be so extensive
as to render said premises or building in which they are untenantable, the
rent shall be proportioned up to the time of such damage and shall thence-
forth cease until such time as the same shall be put in good repair; but in
case of total destruction by fire or otherwise the rent shall be apportioned up
to the time of such destruction, and this lease shall thenceforth cease and de-
termine."

The complaint alleges that the defendants went into possession on
November 1, 1907, and continued in possession until January 28, 1908,
when, without fault on the part of the plaintiff, a fire occurred which
rendered the premises temporarily untenantable; that the plaintiff
then proceeded with all due diligence to repair the damage, and had
the same ready for occupancy on or about the 23d of March, 1908;
that defendants failed to pay rent which accrued on and after March
23, 1908, up to the time of the expiration of the lease, and plaintiff
demands same less the amount received by plaintiff through subletting
of the premises as agent of the defendants.   The answer denies the
material allegations of the complaint, and sets up as an affirmative de-
fense that on the 28th day of January, 1908, defendants surrendered
the premises to the plaintiff.   The plaintiff testified as to the circum-
stances of the fire, and that he immediately thereafter inspected the
premises to see what was necessary to be done; that within two days
after the fire he requested bids from various contractors; that on the
1st of February, the third day after the fire, the premises were in-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

spected by the contractor with whom the contract for repairs was ultimately made; that it usually takes 10 days from the time bids are invited before the work can be actually commenced, the time being necessarily consumed in making estimates and getting the equipment ready; that in this instance it took nearly a week to obtain subcontractors to get ready for the work of repair, which was very extensive, involving an outlay of some $3,900, and that, in addition, plaintiff consumed several days in considering the estimates submitted, determining the character and extent of the repairs and having contracts and specifications drawn; that work was actually begun on February 15th, 17 days after the fire, and was pushed vigorously. At the close of plaintiff's case the court dismissed the complaint, holding, as matter of law, that "to delay making repairs under circumstances similar to these for fifteen or eighteen days is an unreasonable time." It is well established that when the question of reasonableness of time depends upon an inference from peculiar, numerous, or complicated circumstances, such as are involved in this case, that it is a question of fact for the jury. See McCarty v. Natural Carbonic Gas Co., 189 N. Y. 40, 81 N.-E. 549, 13 L. R. A. (N. S.) 465; Graecen v. Poehlman, 191 N. Y. 493, 84 N. E. 390; O'Brien v. Phœnix Ins. Co., 76 N. Y. 459.

The dismissal of the complaint was therefore erroneous, and the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.