McDOUGALL & POTTER CO. v. MANHATTAN CHOCOLATE & CONFECTIONERY CO.

(Supreme Court, Appellate Term, First Department. March 7, 1913.)

LANDLORD AND TENANT (§ 233*)—REPAIRS AFTER FIRE—REASONABLE TIME—QUESTION FOR JURY.

    Evidence, in an action for rent from the time the premises were put in repair, after a fire, which by the terms of the lease suspended rent till repairs were completed, *held* to make the question of the repairs having been made in a reasonable time one for the jury, even if the fact

---

that an unreasonable time was taken could avail the tenant not surrendering the premises when they should have been repaired.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 940–944; Dec. Dig. § 233.*]

Appeal from City Court of New York, Trial Term.

Action by the McDougall & Potter Company against the Manhattan Chocolate & Confectionery Company. From a judgment entered on a dismissal of the complaint at the conclusion of plaintiff's case, and from an order denying a motion for new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Joseph K. Ellenbogen, of New York City (Alexander Rosenthal, of New York City, of counsel), for appellant.

George F. Allison, of New York City, for respondent.

GERARD, J. This action was brought to recover the sum of $909.-99 rent claimed to be due under a written lease for four days of the month of June and for the months of August and September, 1912. Plaintiff and defendant entered into a written lease whereby defendant hired certain upper floors of buildings in the city of New York. A fire occurred in the demised premises, and it is conceded that this fire rendered the building untenantable, and that therefore the clause of the lease which read as follows became operative:

"That in case the damage should be so extensive as to render the building untenantable, the rent shall cease until such time as the building shall be put in complete repair."

The fire in question occurred on June 4, 1912, and at the completion of the plaintiff's case the complaint was dismissed on the ground that as a matter of law the plaintiff had not made its repairs within a reasonable time after the occurrence of the fire.

Both plaintiff and defendant were insured against loss by fire, and immediately after the fire both the plaintiff and defendant were engaged in adjusting their respective losses with the insurance companies, and the vice president of plaintiff testified that on July 3d he had asked Mr. Novell, the treasurer of defendant, to remove their machinery so that they could start repairs to the building, and that Mr. Novell refused to remove it, stating that they had not adjusted their loss, and until they got such orders from their adjusters they would not do it. The repairs on the building were practically completed on August 1st, and the defendant thereafter remained in actual possession of the demised premises and was engaged in putting its machinery in good condition and spreading it about the various floors occupied by it for the purpose of holding a public auction sale of its machinery. It was not until September that the defendant asserted that it considered the lease as canceled.

Under the circumstances, I think that the question of reasonable time should have been submitted to the jury.

In Quinn v. Cohen, 69 Misc. Rep. 610, 125 N. Y. Supp. 1025, it was stated by Mr. Justice Guy:

"It is well established that, when the question of reasonableness of time depends upon inference from peculiar, numerous, or complicated circumstances, it is a question of fact for the jury."

There is also a grave question as to whether, in any event, a tenant, who does not surrender the premises after the expiration of what he claims is a reasonable time to repair, can defend against the action for rent.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.