(79 Misc. Rep. 625.)

WISSER v. COHN.

(Supreme Court, Appellate Term, First Department. March 7, 1913.)

LANDLORD AND TENANT (§ 184*)—ACTION TO RECOVER DEPOSIT—QUESTION FOR JURY—REASONABLE TIME TO REPAIR.

In an action to recover money deposited under a lease which required the landlord, in case of fire where there was not a total destruction, to repair forthwith, brought after a fire rendering the premises

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

untenantable, *held*, that the question of reasonable time for repair in order to hold the tenant was for the jury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750 ; Dec. Dig. § 184.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by William R. Wisser against Robert Cohn. From a judgment of the Municipal Court of the City of New York entered upon the direction of a verdict in favor of plaintiff, after trial before the court and jury, defendant appeals. Reversed, and new trial ordered.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Sol. A. Cohn, of New York City, for appellant.

Burnstine & Geist, of New York City (Joseph G. Cohen, of New York City, of counsel), for respondent.

GERARD, J. The action was brought to recover the sum of $300 deposited by plaintiff with the defendant under the terms of a written lease. By said lease defendant, as landlord, let to plaintiff, as tenant, the upper floors of a building on West Broadway for a term of three years. On the 29th of April, 1912, while the plaintiff was in possession and occupation, a fire occurred therein, which rendered the premises untenantable. The lease contained a clause which required the landlord, in case of fire where there was not a total destruction, to repair forthwith.

At the trial it was conceded that the premises were rendered untenantable and that extensive repairs had to be made. All the front wall was out from the top floor, the ceilings of the various floors were all burned, all the plaster was down, all the doors to the various lofts were burned out, and all the windows.

The defendant testified that immediately after the fire he visited the premises, noted the damage, and on the 2d of May, four days after the fire, was on the premises with five different contractors and asked for estimates; that, after these estimates were in, he went to see all the contractors to go over their estimates on the 11th and .12th days of May; went to see Brooks, the contractor to whom the job was ultimately given, on the 13th, and on the 15th the contract was signed. The contract price for the repairs was $5,300. Brooks, the contractor, testified that he made an attempt to start before the 21st of May, and there was a claim that he was interfered with by acts of the plaintiff. He worked continuously, and the repairs were finished on July 26th.

At the close of the trial, the defendant moved to dismiss the complaint, which motion was denied. The plaintiff then asked for the direction of a verdict, and the defendant asked to go to the jury upon the question of reasonableness of time in making repairs; whereupon the court granted the plaintiff's motion to direct a verdict for the plaintiff and denied defendant's request to go to the jury.

I think that the question of reasonable time should have been submitted to the jury. "Forthwith and as speedily as possible" had both

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

been construed to mean within a reasonable time. See Nimmo v. Harway, 23 Misc. Rep. 126, 50 N. Y. Supp. 686; Bacon v. Albany Co., 22 Misc. Rep. 592, 49 N. Y. Supp. 620. And in Quinn v. Cohen, 69 Misc. Rep. 610, 125 N. Y. Supp. 1025, it was held by this court that it is well established that, when the question of reasonableness of time depends upon inferences to be drawn from peculiar, numerous, or complicated circumstances such as are involved in this action, it is a question of fact for the jury.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.